| Matter of Schildt v Campanella |
|:---:|
| 2025 NY Slip Op 30752(U) |
| March 10, 2025 |
| Supreme Court, Monroe County |
| Docket Number: Index No. E2025004001 |
| Judge: Daniel J. Doyle |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

In the Matter of the Application of

LESLIE SCHILDT, as Candidate for the
12th Legislative District of Monroe County

                                        Petitioner,

    vs.

DEBORAH CAMPANELLA, ERIN
LOFTUS, MONROE COUNTY BOARD
OF ELECTIONS, PETER ELDER, as
Commissioner of the Monroe
County Board of Elections, MONROE
COUNTY REPUBLICAN COMMITTEE,
PATRICK REILLY, as Chairman of the
Monroe County Republican
Committee, WHEATLAND REPUBLICAN
COMMITTEE, JAMES KIRCH, as
Chairman of the Wheatland Republican
Committee, RIGA REPUBLICAN
COMMITTEE, CHRISTOPHER
LOCKWOOD, as Chairman of the Riga
Republican Committee, HENRIETTA
REPUBLICAN COMMITTEE, and
CHRISTOPHER CHAMBERLAIN, as
Chairman of the Henrietta Republican
Committee,

                                        Respondents.

For an Order Pursuant to Sections 16-100,
16-102, and 16-116 of the Election Law
Declaring Invalid One Improperly Cast

**Decision, Order, and
Judgment**

Index No.: E2025004001

1

Vote in the Republican Mini-Convention for
the 12th Legislative District and Ordering a
Recount of all Valid Votes.

---

**Appearances**:

Matthew R. Lembke, Esq., CERULLI MASSARE & LEMBKE, Attorney for Petitioner

John T. Refermat, Esq., REFERMAT & DANIEL PLLC, Attorney for Respondents
        Monroe County Republican Committee and Patrick Reilly

Daniel E. Strollo, Esq., Attorney for Respondents Deborah Campanella and Erin
        Loftus

John P. Bringewatt, Esq., Monroe County Attorney, Maria Rodi, Esq., of counsel, for
        Respondents Monroe County Board of Elections and Peter Elder

**Doyle, Daniel J.**:

In this proceeding Petitioner Leslie Schildt (hereinafter "Schildt"), candidate

for the Republican nomination for the Monroe County Legislature's 12th Legislative

District (hereinafter "LD 12"), seeks to invalidate the designation of Respondent

Deborah Campanella (hereinafter "Campanella") as the Republican Party candidate

for LD 12 that occurred at a nominating convention held by Respondent Monroe

County Republican Committee on February 18, 2025.[1] The essence of Schildt's claim

for relief is that Respondent Erin Loftus (hereinafter "Loftus") was improperly seated

as a delegate at the nominating convention (as Loftus did not reside in the Town of

---

[1] The parties have stipulated to discontinue the action as against the Monroe County Board
of Elections and Peter Elder.

2

Henrietta, in violation of the residency requirements of the Henrietta Republican Committee by-laws), and that Loftus' votes must be declared void.[2]

For the reasons that follow, the Court grants the relief requested in the verified petition to the extent that the nomination of Campanella as the Republican Party candidate for LD 12 is annulled and directs that a new "mini-convention" be held pursuant to Election Law § 16-102(3).

***Findings of Fact[3]***

On February 18, 2025, Monroe County Republican Committee, conducted a denominated "mini-convention", which was convened for the purpose of designating the Monroe County Republican Party's endorsed candidate for the office of Monroe County Legislator for Legislative District 12 (hereinafter "LD 12"). Loftus attended the mini-convention as the sole delegate for Election District 13 (hereinafter "Henrietta ED 13") which is located within the Town of Henrietta, New York and on behalf of the Henrietta Republican Committee. On that date, Loftus resided at 30 W. Broad Street, Rochester NY 14614.

Henrietta ED 13 had a total of 144 weighted votes for the purposes of the mini-convention. Loftus cast those 144 weighted votes on behalf of Henrietta ED 13 for candidate Campanella at the mini-convention.

---

[2] Loftus is alleged to have cast her weighted vote of 144 votes for Respondent Deborah Campanella.
[3] The parties submitted a Stipulation as to the relevant facts.

3

[* 3]

LD 12, including Henrietta ED 13 is located in New York State's 138th Assembly District ("the 138th Assembly District"). 30 West Broad Street, Rochester New York (Loftus's residence) falls outside the 138th Assembly District.

The compilation of the total weighted votes at the mini-convention—including Loftus's 144 weighted votes in favor of Campanella—determined that Campanella received 1,575.07 weighted votes and Schildt received 1,470.33 weighted votes. If Loftus's 144 weighted votes in favor of Campanella are deducted from Campanella's total weighted votes, the result is that petitioner Schildt received 1,470.33 weighted votes and respondent Campanella received 1,431.07 weighted votes.

Section 2.02 of the Monroe County Republican Committee by-laws state that:

> The County Committee shall consist of up to four members representing each election district in Monroe County. Members must reside in the assembly district containing the election district they represent, except that a member of the County Committee who, as a result of an alteration of assembly district lines, no longer resides within such assembly district may continue to serve for the balance of his or her term. Members shall be elected by Party members at biennial primary elections held in odd- numbered years and shall hold office until the next primary election at which members of the County Committee are elected, or until their resignation, or removal pursuant to Article 6.

### Conclusions of Law

As a preliminary matter, the Court rejects Respondents Campanella's and Loftus's argument that this is a non-justiciable controversy as it involves an internal dispute of a political party. (*See gen Bachmann v. Coyne*, 99 AD2d 742 [2[nd] Dept. 1984]: "We would note that internal issues arising within political parties are best

4

resolved within the party organization itself and judicial involvement should only be undertaken as a last resort (citations omitted).") Where the internal party decisions are subject to judicial review, the Court has jurisdiction. "The nomination or designation of any candidate for any public office or party position or any independent nomination, . . . may be contested in a proceeding instituted in the supreme court by any aggrieved candidate, . . .". (Election Law § 16-102.) Petitioner is an aggrieved candidate and may maintain this action. (*See Burkwit v. Olson*, 87 AD3d 1264 [4th Dept. 2011].)

Eligibility for county political committees is governed by party rules and by Election Law § 2-104. That provision states, in part, that "[e]ach member of a county committee shall be an enrolled voter of the party residing in the county and the assembly district from which or in the assembly district containing the election district in which such member is elected except that a member of a county committee who, as a result of an alteration of assembly district lines, no longer resides within such assembly district may continue to serve for the balance of the term to which he was elected." The rules of the Monroe County Republican Party state that county committee members "must reside in the assembly district containing the election district they represent".

Under both Election Law § 2-104 and the party rules, Loftus was not an eligible county committee member. "It is well established that, "absent inconsistent

statutory directives, the duly adopted rules of a political party should be given effect" (*Matter of Kahler v. McNab*, 48 N.Y.2d 625, 626, 421 N.Y.S.2d 53, 396 N.E.2d 200; *see also Bloom v. Notaro*, 67 N.Y.2d 1048, 1049, 504 N.Y.S.2d 90, 495 N.E.2d 353)." (*Keukelaar v. Monroe Cnty. Bd. of Elections*, 307 AD2d 1073, 1074 [4[th] Dept. 2003].)

At the time of the mini-convention Loftus did not reside in the assembly district containing Henrietta ED 13. She was ineligible to vote at the mini-convention. The relevant rules state that "endorsements shall be made by a majority of the members of the County Committee representing the district concerned, present at a meeting at which there is a quorum, which shall consist of one-fourth of such members." (Section 9.05.) Loftus was not a valid member of the county committee and she was not eligible to vote at the mini-convention. (*Gordon v. Monahan*, 89 AD2d 1030, 1031 [3[rd] Dept. 1982]: "While it is true that a member of a county committee need not be a resident of the election district in which he serves (*see Matter of De Cesare*, 11 A.D.2d 750, 201 N.Y.S.2d 285), the statute clearly provides that such member must reside in the assembly district containing the election district in which the member is elected (Election Law, § 2–104, subd. 1).")

Thus, the nomination of Campanella must be annulled.

The parties disagree on the appropriate relief. Petitioner and Respondents Monroe County Republican Committee and Patrick J. Reilly argue that the appropriate relief is to strike the weighted vote of Loftus and declare petitioner the

6

nominated candidate. Respondent Campanella urges the Court to order a new mini-convention.

The Court holds that the appropriate relief is ordering a new mini-convention. Here, striking the weighted vote of Loftus would change the result of the mini-convention and disenfranchise voters. As the Court of Appeals observed in *Ippolito v. Power* (22 NY2d 594 [1968]): "It is evident that even a small portion of the suspect votes could undo the slight margin of the victor and change defeat into victory for the loser. Hence, the statutory standard is met precisely, justifying the lower court's exercise of discretion in directing a new primary election. On almost identical facts, this court affirmed a similar direction (*Matter of Nodar v. Power*, 18 N.Y.2d 697, 273 N.Y.S.2d 476, 220 N.E.2d 267)." (*Id.* at 597.)

"There evolves from these cases a rational standard: if irregularities are sufficiently large in number to establish the probability that the result would be changed by a shift in, or invalidation of, the questioned votes, there should be a new election. As stated in the *Badillo* case (*supra*) 'An election will not be overturned upon a mere mathematical possibility that the results could have been changed, when the probabilities all combine to repel any such conclusion' (p. 342, p. 358 of 224 N.Y.S.2d); but in cases like the one now before the court, as in the *Nodar* case (*supra*); it does not strain the probabilities to assume a likelihood that the questioned votes produced or could produce a change in the result." (*Id.* at 597–98.)

7

[* 7]

NYSCEF DOC. NO. 55

The cases cited by petitioner are inapposite. In *Christ v. Dodd* (59 AD2d 728 [2nd Dept. 1977]) the Appellate Division, Second Department held that as the prevailing candidate would win the election even if the loser were credited with the irregular votes, it would not change the election outcome and thus Supreme Court properly declared the winner of the election. That is not the case here. The disputed votes would, as the parties agree, change the outcome of the election.

Unlike what occurred in *Christ*, the invalidation of Loftus's weighted vote changes the outcome of the election. This requires a new mini-convention. (*Ippolito v. Power, supra.*) Election Law § 16-102(3) states that "the court may direct reassembling of any convention or the holding of a new primary election, or caucus where it finds there has been such fraud or irregularity as to render impossible a determination as to who rightfully was nominated or elected." The Court determines that the improper weighted vote of Loftus was an "irregularity" that renders it impossible to determine who was rightfully nominated at the mini-convention.

There is sufficient time for the party to hold a mini-convention. Petitions for nomination at a primary election can be circulated until April 3, 2025. Respondent Monroe County Republican Committee's rules require nominations for Monroe County Legislator to determined at a mini-convention (Section 9.05) and there is

8

[*8]

sufficient time for one to occur and for the Republican Party to circulate petitions on behalf of its nominated candidate.

Thus, the Court will order a new mini-convention to be held.

Based upon the forgoing, and the submissions of the parties[4], it is hereby

ORDERED, ADJUDGED AND DECREED that the amended petition, to the extent it sought to declare invalid the weighted vote of Respondent Erin Loftus, is GRANTED; and it is further

ORDERED that the nomination of Respondent Deborah Campanella as the Monroe County Republican Party's endorsed candidate for the office of Monroe County Legislator for Legislative District 12 for the 2025 primary election is declared a nullity; and it is further

ORDERED that the Monroe County Republican Party shall conduct a new mini-convention to nominate a candidate for Republican nomination for the Monroe County Legislature's 12th Legislative District for the 2025 primary election.

Dated: March 10, 2025

_____
Honorable Daniel J. Doyle, JSC

---

[4] Amended Petition with exhibits (NYSCEF Docket #s 32-34;); Affirmation in Opposition with exhibits (NYSCEF Docket # 28-31); Affirmation in Opposition with exhibits (NYSCEF Docket #s 35-36); Answer in Special Proceeding (NYCEF Docket # 41); Affidavit (NYSCEF Docket # 42); Memorandum of Law in Opposition (NYSCEF Docket # 43); Answer in Special Proceeding (NYSCEF Docket # 44); Stipulation (NYSCEF Docket # 50); Correspondence to Court (NYSCEF Docket # 51); Correspondence to Court (NYSCEF Docket # 52); Correspondence to Court (NYSCEF Docket # 54).

9